NOT DESIGNATED FOR PUBLICATION

No. 114,592

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW C. CONE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Clay District Court; WILLIAM M. MALCOLM, judge. Opinion filed August 5, 2016.
Affirmed.

*Brenda M. Jordan*, of Manhattan, for appellant.

*Richard E. James*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., HILL and ATCHESON, JJ.

*Per Curiam*: Matthew C. Cone appeals his conviction of one count of lewd and lascivious behavior. The only issue Cone raises on appeal is that there was insufficient evidence to support his conviction. Under our standard of review, we find there was sufficient evidence to support the conviction, and we affirm the district court's judgment.

On May 8, 2015, at approximately 6 a.m., Michelle Kopfer, a corrections officer for the Clay County Sheriff's Department, was in the process of completing a shift changeover at the jail with Corrections Officer Vernon McGee. As part of the shift changeover, Kopfer and McGee were scanning the security camera feeds of each of the

1

cells. Each cell was equipped with a security camera that provided video on a monitor in the jail's booking room. The cameras were equipped with infrared technology so the jailers could see into the cells when the lights were off.

Cone shared a jail cell with George Newell. Cone was assigned to the top bunk, and Newell was assigned to the bottom bunk. The two inmates had been up all night playing games. When Kopfer and McGee scanned the camera feeds, they noticed that Cone and Newell were not in their beds. As Kopfer and McGee continued to view the monitor, they observed that Cone was bent over a table in the cell. Cone's head was turned sideways resting on the table moving back and forth.

McGee walked to the cell to check on the inmates, turned on the light, and looked in the window. Cone was still hunched over the table. His shirt was hanging down covering his front and his pants were not completely pulled up. Newell was standing behind Cone and was adjusting his pants. McGee surprised Newell and Cone, and they "scattered" when he turned on the light. As Newell and Cone "scattered," Kopfer saw on the monitor that both men were pulling up their pants. When McGee returned to the booking room, he and Kopfer looked at the monitor and saw Newell sit on his bunk and wipe off his erect penis with a towel or bed sheet.

On May 20, 2015, the State charged Cone with one count of lewd and lascivious behavior. A bench trial was held on September 16, 2015. Kopfer and McGee testified at trial on behalf of the State and described what they observed in Cone's jail cell on the morning in question. Kopfer specifically testified that Cone previously had been in the booking room and anyone who had been in the booking room was able to see the monitor displaying the security camera feeds for each of the jail cells.

Cone did not testify at trial. However, Cone called Newell as a witness. Newell testified that on the morning of the incident he and Cone were making "Magic cards" in

the corner of their cell. Newell was standing by the wall next to the table about 3 feet away from Cone, observing Cone, and drying off from his shower. Cone was leaning over the table and rocking back and forth because he could not sit still. Newell finished drying off and put on his boxers and orange pants but not his shirt. Newell testified that he and Cone did not try to hide anything when McGee turned on the light. Newell denied that he ever exposed his penis that morning or wiped off his erect penis with a towel or bed sheet. Newell testified that he was aware that the security camera in the cell was viewed by people in the booking room.

After hearing the evidence and the closing arguments of counsel, the district court found Cone guilty of lewd and lascivious behavior. The district court sentenced Cone to time served. Cone timely appealed his conviction.

The only claim that Cone raises on appeal is that there was insufficient evidence to convict him of lewd and lascivious behavior. Cone argues that there was insufficient evidence that he and Newell engaged in sodomy or sexual intercourse. Specifically, Cone argues that the testimony of McGee and Kopfer about their view of the cell was inconsistent creating reasonable doubt about the conclusions and inferences they made. In the alternative, Cone argues that he did not engage in sodomy with Newell with the intent, knowledge, or reasonable anticipation that they were being viewed by others. To support his argument, Cone points out that there was no testimony that he was aware of the area the camera covered, the lights in the cell were off, he and Newell engaged in sodomy in the portion of the cell that was secluded from the camera's view, and they were surprised when McGee turned on the lights.

The State argues that there was sufficient evidence to support Cone's conviction because he had knowledge that the jailers could view his activities. The State points to the evidence that Cone had been in the booking room and could see the monitor displaying the camera feeds, Newell admitted he was aware that people in the booking

3

room could view the cells through the cameras, and there was a window in the cell door allowing people in the hallway to see into the cell. The State contends that whether Cone and Newell were surprised when McGee turned on the light is irrelevant because the statute only requires that Cone have knowledge or reasonable anticipation that he would be viewed, not that he expected to be viewed. Finally, the State notes that the statute does not require that anyone actually witness Cone engage in sodomy with Newell.

When the sufficiency of the evidence is challenged in a criminal case, the appellate court reviews all the evidence in the light most favorable to the prosecution. The conviction will be upheld if the court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt based on the evidence. *State v. Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014). When evaluating the sufficiency of the evidence, an appellate court will not reweigh the evidence or reassess the credibility of the witnesses. 299 Kan. at 525.

Cone was charged with lewd and lascivious behavior in violation of K.S.A. 2015 Supp. 21-5513(a)(1), which provides: "Lewd and lascivious behavior is: (1) Publicly engaging in otherwise lawful sexual intercourse or sodomy with knowledge or reasonable anticipation that the participants are being viewed by others." Cone challenges the sufficiency of the evidence to two elements of the crime. First, he challenges whether there was sufficient evidence that he and Newell engaged in "otherwise lawful sexual intercourse or sodomy." Second, he challenges whether there was sufficient evidence that he had "knowledge or reasonable anticipation" that he was being viewed by others.

We will limit our analysis of this issue to the arguments asserted by Cone. First, there was sufficient evidence that Cone engaged in otherwise lawful sodomy with Newell. Cone's argument focuses on alleged discrepancies between Kopfer's and McGee's testimony regarding the display of the camera feed in the booking room. McGee testified that the monitor displayed 4 camera feeds at once and never displayed Cone's

4

cell only; Kopfer testified that the monitor displayed all 16 camera feeds at once, but she enlarged the feed of Cone's cell so it was the only one being viewed. However, Cone's assertion that these discrepancies caused reasonable doubt about the accuracy of the inferences and conclusions the jailers made is essentially a request for this court to reweigh their credibility. As stated above, this court does not reweigh the credibility of witnesses. *Williams*, 299 Kan. at 525.

Moreover, while there were discrepancies between Kopfer and McGee as to how many camera feeds were displayed on the monitor, the correction officers largely agreed on what occurred. Both Kopfer and McGee testified that they saw: (1) Cone's head moving rhythmically back and forth on the table; (2) Cone hunched over the table with Newell behind him; (3) Newell pulled up his pants when McGee turned on the light; and (4) Newell wiped his erect penis with a towel or bed sheet. A conviction of even the gravest offense can be based entirely on circumstantial evidence if the evidence provides a basis from which the factfinder may reasonably infer the existence of the fact in issue. *State v. Brooks*, 298 Kan. 672, 689, 317 P.3d 54 (2014). Kopfer's and McGee's testimony provided a sufficient basis for a rational factfinder to find beyond a reasonable doubt that Cone engaged in sodomy with Newell.

Second, there was sufficient evidence that Cone had knowledge or a reasonable anticipation that he would be viewed by others when he engaged in sodomy with Newell. Cone argues that he and Newell engaged in sodomy largely outside of the camera's view with the lights off and were surprised when McGee came to the cell. As Cone points out in his brief, he and Newell were doing their best not to be seen by others.

The State responds by pointing to the evidence that Cone had knowledge that the jailers could view his activities because he had been in the booking room and could see the monitor displaying the camera feeds. As the State argues, the statute under which Cone was convicted does not require that the defendant expected to be seen engaging in

5

sodomy, only that the defendant knew he was being viewed by others or had reasonable expectation that he would be viewed by others.

Also, Cone does not address the fact that there was a window in the cell which allowed individuals in the hallway to see into the cell. Cone did not present any evidence that he attempted to cover or remove himself from view of the window. Thus, Cone could reasonably anticipate that any person walking through the hallway could look into the cell and see him and Newell engaging in sodomy.

In sum, the evidence established that the jail cells were monitored by security cameras and Cone previously had been in the booking room where he would have been able to see the video display. The evidence also established that Cone's jail cell had a window open to the hallway and anyone passing through the hallway could see into the cell. We find this evidence, viewed in the light most favorable to the State, was sufficient to establish that Cone engaged in sodomy with knowledge or reasonable anticipation that the participants would be or were being viewed by others. Thus, we conclude that the evidence was sufficient to support Cone's conviction of lewd and lascivious behavior.

Affirmed.